UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SAUL CABALLERO** | **:** | **DOCKET NO. 2:23-cv-00251** |
| REG. #91981-054 | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **ALEXANDRIA REGIONAL MEDICAL** | | |
| **CENTER EYE CLINIC, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint [doc. 6] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Saul Caballero, who is proceeding *pro se* and *in forma pauperis* in this matter. Caballero is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the United States Penitentiary in Lompoc, California ("USP Lompoc").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, IT IS **RECOMMENDED** that plaintiff's suit be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

According to plaintiff, he was taken to a hospital for a series of laser exams on his left eye, at which time the doctor recommended surgery. The surgery was unsuccessful and damaged his left eye. After being told that he would need a series of surgeries to correct the eye, he was subsequently informed that his eye would be lost. He alleges negligence on the part of the surgeon.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Caballero has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean*

*v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of *Bivens* was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

### C. Application

Plaintiff complains that eye surgery was conducted "negligently, recklessly," and this "malpractice caused injury to left eye," which ultimately led to the loss of his eye. Doc. 6, pp. 3-4.

Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert v. Caldwell,* 463 F,3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan,* 114 S.Ct. 1970 (1994). (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Id*. (citations omitted).

Plaintiff does not allege that the defendants were deliberately indifferent, the standard that is necessary to state a claim under the Eighth Amendment. Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)(citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's *Bivens* claim should be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915 (e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 1ˢᵗ day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE